■ In the Matter of OWEN QUINN, Petitioner, v ALFRED E. WERNER, as Commissioner of Aviation and Transportation for the Town of Islip, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent commissioner, dated February 28, 1977 and effective March 1, 1977, which affirmed the hearing officer's findings of guilt and imposed penalties. Petition granted; determination annulled, on the law, without costs or disbursements, and respondents are directed to restore petitioner to his previous position, with back pay, less the amount of compensation earned in any other employment or occupation and any unemployment benefits he may have received during the period of his suspension. The determination is not supported by substantial evidence. Petitioner, a former lieutenant (senior guard) with the Department of Aviation and Transportation of the Town of Islip, was not on duty when the incident which he is accused of not reporting (the accidental discharge of a practice round inside the headquarters building) occurred. Moreover, when petitioner came on duty later that evening and was informed, in a general way, that some sort of an incident had occurred, he promptly inquired of the person involved whether the occurrence had been duly reported to the sergeants in command at the time. He was assured that it had. Petitioner undertook no further investigation and filed no report. This failure forms the gravamen of the disciplinary charges lodged against him. The charges were not sustained. Petitioner was under no duty to investigate the aforementioned incident; nor was he under any obligation to file an internal report. So far as petitioner was concerned, the incident had already been investigated and reported by the sergeants in command, who, by virtue of the reorganization of the Department of Aviation and Transportation, then held the same position as did the petitioner, to wit, "Senior Guard". The top-ranking officer during petitioner's tour of duty, *as well as during the sergeants' tour,* was the assistant manager, Mr. Destase. The incident presumably having been duly reported, there was nothing further for the petitioner to do. The sergeants' dereliction in failing to report the incident may not be attributed to petitioner. Latham, J. P., Rabin, Gulotta and Hawkins, JJ., concur.