■ In the Matter of MARIE R. MEMOLI, Respondent, v PHILIP TOIA, as Commissioner of the New York State Department of Social Services, Appellant, and HENRY G. PARRY, JR., as Commissioner of the Orange County Department of Social Services, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the State commissioner made after a statutory fair hearing, affirming a determination of the local agency discontinuing petitioner's grant of home relief, the State commissioner appeals from a judgment of the Supreme Court, Orange County, entered January 4, 1978, which annulled the determination. Judgment affirmed, without costs or disbursements. Since the petition raises a question of whether the State commissioner's determination, made after a hearing, is supported by substantial evidence, the instant article 78 proceeding should have been transferred to this court for a determination in the first instance (see CPLR 7804, subd [g]). In such a case, the error in failing to make the transfer can be obviated by considering the proceeding *de novo,* as though it had been properly transferred (see *Matter of Hammerl v Mavis,* 41 AD2d 724; *Matter of Mistler v Tofany,* 39 AD2d 710). The petitioner, a recipient of home relief, transferred her home to her daughter and son-in-law, in consideration of their assumption of the outstanding mortgage thereon. The

Department of Social Services determined that the petitioner had violated the regulation which requires that a recipient must utilize available resources to reduce or eliminate the need for public assistance (18 NYCRR 352.16 [a]) and therefore discontinued her relief. This court disagrees with that determination. The situation is analogous to the one discussed in *Matter of Mondello v D'Elia* (39 NY2d 978). Thus the fact that a recipient of home relief transfers her home to relatives does not automatically disqualify her from continued assistance. In addition, the petitioner did not receive any money for the house and thus did not have funds which were actually available for her utilization (see *Matter of Dumbleton v Reed,* 40 NY2d 586). Therefore, 18 NYCRR 352.16 (a) is inapplicable. Though the Department of Social Services was entitled to obtain a lien on the property, which would have prevented transfer, it failed to do so (see Social Services Law, § 106). Since there was no lien and the petitioner was not notified that a transfer of her property would disqualify her from further eligibility, there is no evidence that she acted fraudulently. Titone, J. P., Lazer, Margett and Martuscello, JJ., concur.