■ In the Matter of ANDREW LONGO, Appellant, v WALTER FOGG, as Superintendent of the Green Haven Correctional Facility, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated May 2, 1977, the petitioner appeals from a judgment of the Supreme Court, Dutchess County, dated June 14, 1977, which dismissed the petition. Judgment reversed, without costs or disbursements, the petition is granted to the extent that the determination is annulled, on the law, and the matter is remitted to the respondents for a new hearing in accordance herewith. Petitioner, while an inmate of a correctional facility, was served with certain stated charges of misconduct. Within 24 hours thereafter he was interviewed by the person appointed to conduct the proceeding against him and he admitted the charges in writing. Petitioner was thereupon ordered, *inter alia,* to be transferred to a more secure institution. Soon after his transfer in accordance with the initial determination, the Superintendent of the first facility wrote to the Superintendent of the second requesting that a new proceeding be held by reason of the fact that the interview of petitioner within 24 hours of the service of the original charges was in violation of the rules of the Department of Correctional Services. A second set of charges alleging the same misconduct was then served upon petitioner and after the appropriate time period had lapsed, he entered a denial thereto. Without interviewing any witnesses the person appointed to conduct the second hearing found the petitioner guilty of the charges, apparently upon the basis of a written misconduct report made at the first institution. In our opinion the determination under review was made in violation of subdivision (c) of section 253.4 of the rules of the Department of Correctional Services which specifically requires that where the petitioner has denied the charges, "the person conducted the proceeding *shall interview* one or more employees who witnessed or have direct knowledge of the incident" (emphasis added, 7 NYCRR 253.4 [c]). Petitioner's admission to the first set of charges must be deemed a nullity since it was made within 24 hours of the service of those charges in violation of the rules of the Department of Correctional Services (7 NYCRR 253.3 [b]). Mollen, P. J., Hopkins, Damiani, Titone and Shapiro, JJ., concur.