■ In the Matter of MICHAEL HILTON, Appellant, v STEPHEN DALSHEIM, as Superintendent of Ossining Correctional Facility, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia*, to compel respondents to expunge from petitioner's institutional files all disciplinary records pertaining to a certain superintendent's proceeding, petitioner appeals from so much of a judgment of the Supreme Court, Westchester County, entered June 18, 1980, as, upon determining that the superintendent's proceeding had been properly conducted, (1) upheld the superintendent's determination (a) that petitioner had violated several institutional rules and (b) that he serve 48 days in special housing and (2) dismissed the petition. (Petitioner has already served the 48 days.) Judgment reversed insofar as appealed from, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the respondents are directed to expunge from the petitioner's institutional record all references to the superintendent's proceeding; the petition is otherwise dismissed on the merits. The petitioner, an inmate of the Ossining Correctional Facility, was charged with, among other things, committing forgery in making a purchase from the prison commissary using another inmate's name. He was found guilty of the charges after a superintendent's proceeding. Thereafter, petitioner instituted this article 78 proceeding alleging that numerous constitutional and regulatory violations had been committed throughout the superintendent's proceeding. Special Term dismissed the petition on the merits. We disagree. First, 7 NYCRR 253.3 (b) provides that an inmate facing disciplinary charges shall have the right to the assistance of an employee who "shall investigate any reasonable factual claim the inmate may make." Petitioner asserts that he asked respondent Engber, his employee assistant, to interview two inmate witnesses who were present in the commissary on the date the alleged forgery took place. The "Notice of Assistance" form filled out by Engber indicated that petitioner did not request that Engber interview any witnesses. The "Notice of Assistance" form is

unsigned by petitioner, however, and it is alleged that petitioner "[never] saw the form until this action was commenced months after the Superintendent's Proceeding had been concluded." We therefore find that respondents violated 7 NYCRR 253.3 in that petitioner did not receive adequate employee assistance in preparation for the superintendent's proceeding. Second, 7 NYCRR 253.4 (b) and (c) provide that if an inmate denies any involvement in the incident for which he is charged, then "The person conducting the proceeding *shall interview* one or more employees who witnessed or have direct knowledge of the incident" (emphasis added). The requirement is very explicit. Under the regulations, it is not enough that the hearing officer consider written statements of employee witnesses interviewed during the course of the investigation. Rather, the hearing officer is required to undertake interviews, on the record, of employees who have direct knowledge of the incident with which the inmate was charged *(Matter of Longo v Fogg,* 71 AD2d 955). Although the hearing officer here may have had before her the affidavits of certain witnesses, she failed to interview the employee witnesses during the proceeding after petitioner denied the charges against him. Therefore, the determination under review was made in violation of the above regulation. Third, petitioner was not given a written statement from the fact finder as to the evidence relied upon and the reasons for the action taken. This is a clear violation of due process as enunciated in *Wolff v McDonnell* (418 US 539; see, also, *Matter of Amato v Ward,* 41 NY2d 469; *Wilkinson v Skinner,* 34 NY2d 53, 58-59). The written statement offered by the hearing officer at the conclusion of the superintendent's proceeding provides little in the way of evidence relied upon. That statement, which apparently was never served upon petitioner, indicates only that the disposition was arrived at based upon the "Seriousness of [the] charges, consideration of misbehavior adjustment reports along with reports submitted by various officers and inmates in addition to fingerprint analysis by identification officer." No mention was made as to the names of the various officers and inmates upon whose testimony the hearing officer relied. This scanty explanation of evidence relied upon was insufficient. Based on the above, we hold that petitioner's constitutional and regulatory rights have been violated. Due to the fact that petitioner has already served his 48-day sentence in the special housing unit and the witnesses to the alleged incident may be unavailable, the proper remedy at this point is to expunge from petitioner's institutional record all references to the superintendent's proceeding (see *Powell v Ward,* 643 F2d 924; *Matter of Collins v Hammock,* 52 NY2d 798). Finally, although petitioner had not exhausted his administrative remedies due to his failure to appeal to the Commissioner of the Department of Correctional Services, as required by 7 NYCRR 270.2, respondents did not raise this defense in their answer and thus it is deemed waived. Lazer, J.P., Cohalan, Margett and O'Connor, JJ., concur.