OPINION OF THE COURT
Joseph J. Sedita, J.
This petition challenges a superintendent’s proceeding which resulted in a bad report in his institutional records and a loss of “good time”.
This petitioner’s challenge encompasses a number of specific objections to the manner in which his superintendent’s proceeding was conducted. These objections include: respondent’s failure to call witnesses while the inmate was present, failure to call witnesses requested by petitioner, that the evidence was insufficient to sustain the alleged courts of misbehavior, that the hearing officer was not impartial, that petitioner was denied an opportunity to respond to a summary of the evidence and that the respondents failed to conduct the proceeding within seven days.
The first point raised is that petitioner was denied the right to call witnesses. In our case the inmate requested that the hearing officer interview an inmate by the name of “Lucky” who was locked in number seven cell on his gallery at the time of the alleged incident which formed the *690 basis for the misbehavior charge. The requested person was not produced and a different inmate was interviewed by the hearing officer without the petitioner being permitted to be present.
Section 253.4 of the Rules and Regulations of the Department of Correctional Services (7 NYCRR 253.4 [b] [1]) provides in part that: “The inmate shall be permitted to call witnesses on his/her behalf, provided that so doing does not jeopardize institutional safety”.
Respondents have noted that they were not given the name or number of a specific inmate and that the burden should not be on them to locate a witness. We agree with the respondent to the extent that if a requested witness is not described with sufficient particularity to locate him or her with reasonable facility, they should not be required to locate that witness. It is, however, understandable that at times an inmate may request a witness who he may only know by nickname and the location of that inmate’s cell. With that amount of information, it should be relatively easy to locate the witness requested and not unduly burdensome on the administration. There does not appear in the record of these proceedings any reason for excluding a requested witness or precluding petitioner from being present while witnesses were being questioned premised upon “institutional safety”. This would appear to be a clear violation of established procedural rights. (Powell v Ward, 643 F2d 924; Matter of Giannizzero v Smith, Wyoming County, Index No. 8,529, Conable, J.; Matter of Williams v Smith, Wyoming County, Index No. 10,554, Broughton, J.; Matter of Roberson v Smith, Wyoming County, Index No. 9,996, Dillon, J.; People ex rel. Starling v Smith, Wyoming County, Index No. 9,726, Conable, J.)
In addition to the above procedural violation, there is language in the transcript of this proceeding raising a serious question as to the hearing officer’s impartiality (see 7 NYCRR 253.2 [d]; Wolff v McDonnell, 418 US 539) and there is no question that he was denied the right to comment after the hearing officer had marshaled the evidence. (See 7 NYCRR 253.4; Matter of Roberson v Smith, supra.) And finally, the proceeding appears to not have been conducted within the seven-day time period estab *691 lished by the Appellate Division. There have been no “exigent circumstances” suggested which would have excused adherence to this requirement.
For the reasons set forth above, it is the considered opinion of this court that this superintendent’s proceeding must be set aside, its recommended sanctions vacated and the matter expunged from this inmate’s institutional records.