■ In the Matter of GEORGE BATES, Appellant, v STEPHEN DALSHEIM, as Superintendent of Downstate Correctional Facility, et al., Respondents. (And Four Other Titles.) — In five proceedings pursuant to CPLR article 78 to review respondents' determinations after superintendent's proceedings (prison disciplinary hearings), petitioners appeal (by permission) from five orders of the Supreme Court, Dutchess County (one in each proceeding), one dated January 29, 1982 (Aldrich, J.), two dated February 5, 1982 (Aldrich, J.), one dated April 30, 1982 (Aldrich, J.), and one dated May 10, 1982 (Leggett, J.), which granted respondents' motions to change the venue of the proceedings. Orders reversed, without costs or disbursements, and motions denied. Special Term determined that each proceeding should be heard in the county in which the respective petitioner was incarcerated at the time of argument of the motions. We disagree. The incidents giving rise to the instant proceedings having occurred in Dutchess County, and personal appearances in Dutchess County having been waived by petitioners, it was an abuse of discretion for Special Term to have granted the motions to change venue. Mollen, P. J., Damiani, Titone and Weinstein, JJ., concur.

■ In the Matter of CLIFFORD GROSVENOR, Petitioner, v STEPHEN DALSHEIM, as Superintendent of Downstate Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78, *inter alia,* to review a determination, made after a superintendent's proceeding, that petitioner had been under the influence of barbiturates while incarcerated. Petition granted to the extent that the determination is annulled, on the law, without costs or disbursements, charge dismissed, and respondents are directed to expunge from the petitioner's institutional record all reference to the superintendent's proceeding. Respondents' failure to hold the superintendent's proceeding within seven days of petitioner's incarceration in the special housing unit, violated their own regulations and constitutes a ground for annulment of the determination (see *Matter of Johnson v Smith,* 83 AD2d 721, 722; *Powell v Ward,* 392 F Supp 628, mod 542 F2d 101). In such a situation, expungement is a proper remedy (see *Matter of Hilton v Dalsheim,* 81 AD2d 887, 888; *Matter of Johnson v Smith, supra*). In light of this determination we need not consider petitioner's other contentions. Titone, J. P., Weinstein, Gulotta and Niehoff, JJ., concur.