OPINION OF THE COURT
Theodore A. Kelly, J.
This proceeding pursuant to CPLR article 78 seeks reversal and expungement of disciplinary action taken against petitioner at a superintendent’s proceeding held at Camp Beacon on May 6, 1982. The proceeding resulted in petitioner’s confinement to the special housing unit (SHU) for 60 days, loss of 180 days of good time and transfer to a more structured facility.
*246 Petitioner, an inmate of the Ossining Correctional Facility, was charged with possession of marihuana, refusing a personal frisk and assault. He was found guilty of the charges after a superintendent’s proceeding on May 6, 1982. Thereafter petitioner instituted this article 78 proceeding alleging that numerous due process and regulatory violations had been committed throughout the superintendent’s proceeding, to wit: that (1) respondents failed to conduct the proceeding in a fair and impartial manner in violation of 7 NYCRR 250.2; and that (2) respondents failed to interview petitioner prior to investigating the charges and conducting witness interviews, and failed to adjourn the proceedings after petitioner pleaded not guilty to the charges in violation of 7 NYCRR 253.4; and that (3) respondents violated 7 NYCRR 253.2 (d) by having the superintendent’s proceeding conducted by a lieutenant, rather than the superintendent, a deputy superintendent or captain; and that (4) respondents failed to provide petitioner with a sufficient statement of evidence, an accurate statement of petitioner’s explanation of the charges, and a written statement of the reasons for the disposition in violation of 7 NYCRR 253.4 (i); and that (5) respondents failed to provide an administrative review of the determination within 30 days of the decision in violation of 7 NYCRR 253.6 and 270.2.
It is not necessary to consider every point raised herein, for three failures to give petitioner his rights to due process are patent and compel the granting of the relief requested. At the superintendent’s proceeding conducted pursuant to 7 NYCRR 253.1, petitioner denied the charge that he had been smoking marihuana in an inmate’s bathroom. Pursuant to section 253.4 (b) of the rules of the department (7 NYCRR 253.4 [b]), upon such denial, “the proceeding shall continue as provided in this section and all further interviews shall be recorded stenographically or by an electronic recording device.” Also section 253.4 (c) of the rules of the department (7 NYCRR 253.4 [c]) provides that, “The person conducting the proceeding shall interview one or more employees who witnessed or have direct knowledge of the incident”. Here, the reverse was done. The hearing officer (Lieutenant Okin) conducted tape-recorded inter *247 views with two officers and then interviewed petitioner, allowing him to make a statement in his defense. Petitioner denied the charges, and without any further investigation, the hearing officer imposed a punishment.
No record of any interviews conducted subsequent to the denial of the charges has been submitted to the court, and apparently none exist. The determination to uphold the charges against petitioner evidently was made in a summary fashion on the basis of written reports and statements already presented. This is in clear violation of the department’s rules, and, pursuant to Matter of Longo v Fogg (71 AD2d 955), and Matter of Hilton v Dalsheim (81 AD2d 887), the proper remedy for this violation of petitioner’s “constitutional and regulatory rights” (Matter of Hilton v Dalsheim, supra, p 888) is to expunge all records and to restore petitioner to the status previously enjoyed.
Secondly, petitioner was given a patently inadequate written statement from the fact finder as to the evidence relied upon and the reasons for the action taken. This is a clear violation of due process as enunciated in Wolff v McDonnell (418 US 539), as well as a violation of administrative regulation, 7 NYCRR 253.4 (i). The written statement offered by the hearing officer at the conclusion of the superintendent’s proceeding merely summarizes the allegations against the petitioner. There is no mention made as to the names of the testifying officers, what was testified to, the credibility of said witnesses, what documents, if any, were relied upon and what their contents were.
Thirdly, the court notes that pursuant to 7 NYCRR 270.2 (a) (2), petitioner’s determination was subject to automatic review since it included a sentence of confinement to SHU for more than 30 days. However, petitioner’s case was not administratively reviewed and affirmed until July 23, 1982, two and one-half months after the disposition and three weeks after petitioner completed his time in SHU. Respondents’ failure to furnish a timely review of petitioner’s disposition violates the afore-mentioned regulation and petitioner’s due process rights.
Accordingly, the petition is granted, therefore, to the extent that the determination of the superintendent’s proceeding held on May 6, 1982 is annulled, the misbehavior *248 report against petitioner, dated May 4, 1982 is vacated, respondents are directed to expunge from petitioner’s files and parole records all references to said proceeding and report, to restore to petitioner all assessed loss of good-time credit connected therewith, and to restore petitioner to the status he enjoyed prior to the disciplinary incident of May 4, 1982.
The foregoing constitutes the order and judgment of the court. The Attorney-General is directed to serve a copy of this order and judgment upon petitioner’s attorney and upon petitioner at his present place of confinement.