OPINION OF THE COURT
John S. Conable, J.
A writ of habeas corpus having been issued pursuant to Justice Vincent Doyle’s instructions, returnable before Honorable Samuel L. Green on the 24th day of March, 1982, and the matter having come on to be heard before me, and due deliberation having been had, the following decision is rendered.
The relator commenced this habeas corpus proceeding to obtain his release from the special housing unit at the Attica Correctional Facility. This confinement arose from a superintendent’s proceeding held at Attica on January 28 and February 3, 1982. It culminated in disposition whereby the inmate received 360 days’ confinement in the special housing unit and lost 180 days of good time. This court believes that various procedural errors deprived Mr. Martin of a meaningful opportunity to respond to the evidence against him and that the disciplinary proceeding should be expunged from his institutional records.
The inmate was charged with two rule violations: “fighting” and “refusing a direct order”. The formal charge dated January 26, 1982 indicates that on January 24, an inmate *67 named Watkins was stabbed in the head and identified Martin and inmate Lloyd as the ones who stabbed him. The charge further states that Martin was ordered to lock-in three times before he finally complied.
On January 27, correction counselor Robert Alexander served notice of the charges on Martin. According to the “notice and assistance form,” the inmate requested that two inmate witnesses be “interviewed”. At the'initial interview on January 28, the following dialogue took place between hearing officer De Santis and the relator:
de santis: * * * Okay, you indicated to Mr. Alexander that you did request that witnesses be interviewed. You further requested that witnesses be called on your behalf and the name of witnesses are as follows: Brady, Smallwood and that was it right?”
“martin: Ah huh.”
Under the applicable regulation, an inmate has the right “to call witnesses on his/her behalf” (7 NYCRR 253.4 [b] [1]). This court has recognized that this section establishes a clear right to be present when such witnesses are interviewed (see People ex rel. Cooper v Smith, 115 Misc 2d 689, 690). Therefore, the hearing officer has the responsibility to make sure that an inmate understands that he has the right to be present when witnesses are “called”. Any confusion which exists from use of the terms “interview” and “call” in the course of the proceedings should be construed against the Department of Correctional Services. As a result, the relator’s procedural rights were violated when Brady and Smallwood were interviewed outside Martin’s presence.
Between interviews with Martin, the hearing officer recorded interviews with various witnesses. Officer William Smith testified as to finding a wounded Watkins who pointed out Martin and Lloyd as his assailants. Officer Michael Edwards placed Martin in proximity to Watkins and also testified as to Martin’s failure to obey an order to lock-in. Watkins himself testified that Martin stabbed him with a knife.
On February 3, 1982 the hearing officer once again interviewed the relator. He made no mention of any testi *68 mony supporting the charge of failing to obey an order and did not mention any grounds in the written statement of evidence relied upon. This deprived Martin of his rights to be advised of the evidence against him and to comment thereon (see 7 NYCRR 253.4 [e]).
In regard to the charge of fighting, the hearing officer merely told Martin that he interviewed “the two Officer witnesses and three inmates”. He did not tell Martin that Watkins was the third inmate interviewed nor that Watkins was the only witness who could directly link Martin to the injury. Mr. De Santis only told the relator that: “The two officers definitely place in the closest proximity to inmate Watkins who was stabbed on the gallery.” He then affirmed the charges, imposed a disposition, informed Martin of his right to appeal, and finally asked Martin if he had any questions. This inadequate summary of the testimony and determination of guilt prior to the inmate’s opportunity to comment violated the procedure mandated by 7 NYCRR 253.4 (e).
It would also appear that the relator was denied a timely hearing. According to the misbehavior report, he was removed to “detention admission” on January 24,1982. The superintendent’s proceeding report indicates that he remained there for 11 days until disposition of the charges on February 3, 1982. The Department of Correctional Services was bound by its own policy to complete a due process hearing within seven days of imposing a special confinement. (See Matter of Shahid v Coughlin, 83 AD2d 8; Matter of Johnson v Smith, 83 AD2d 721; Powell v Ward, 542 F2d 101, 103-104; Powell v Ward, 643 F2d 924.)
Therefore, it is hereby ordered that the superintendent’s hearing conducted on January 28 and February 3, 1982 be set aside and any reference to it and the underlying charges are to be expunged from the institutional records. It is further ordered that the relator be released from the special housing unit and receive credit for the 180 days’ good time which the hearing officer declared to be forfeited.