■ In the Matter of OWEN QUINN, Respondent, v ALFRED E. WERNER, as Commissioner of Aviation and Transportation for the Town of Islip, et al., Appellants. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the Department of Aviation and Transportation of the Town of Islip finding petitioner guilty of two charges of misconduct and imposing punishment, the appeal, as limited by the brief of the commissioner and the Town of Islip, is from so much of a judgment of the Supreme Court, Suffolk County (Jones, J.), entered March 2, 1982, as adjudged them to be in contempt of court and imposed punishment. Judgment reversed insofar as appealed from, on the law, without costs or disbursements, and on this court's own motion, petitioner's application to have appellants adjudged in contempt is considered *de novo* and granted. Appellants Alfred E. Werner, Commissioner of the Department of Aviation and Transportation of the Town of Islip, and the Town of Islip are adjudged in contempt of this court and are fined the sum of $250, payable jointly, together with petitioner's costs and expenses in seeking reinstatement, including legal fees of $750, also payable jointly. This proceeding pursuant to CPLR article 78 was commenced to review a determination of the Commissioner of the Department of Aviation and Transportation of the Town of Islip finding petitioner guilty of two charges of misconduct, demoting him from his position as senior guard and suspending him for one month. By order of the Supreme Court, Suffolk County (McCarthy, J.), the proceeding was transferred to this court pursuant to CPLR 7804 (subd [g]). By order of this court, dated August 7, 1978, the petition was granted, the determination was annulled, on the law, and the appellants were directed to restore petitioner to his previous position with back pay (*Matter of Quinn v Werner,* 64 AD2d 901, app dsmd 46 NY2d 730). Upon the appellants' continued refusal to reinstate petitioner (which rendered computation of back pay impossible) petitioner moved in Supreme Court, Suffolk County, for an order directing his reinstatement, fixing damages and punishing the appellants for contempt of the August 7, 1978 order of this court. Following lengthy proceedings, including an interlocutory appeal by the appellants which was dismissed by this court, a judgment was entered March 2, 1982 in Special Term (Jones, J.), awarding petitioner a sum certain for back pay, adjudging appellants to be in contempt of court and imposing punishment. The appellants then appealed to this court from the foregoing judgment. By order dated May 5, 1982, this

court amended its prior order of August 7, 1978 "so as to show the computations and finding made at Special Term as being incorporated in the judgment under review". This court's order of August 7, 1978 had thus become a final determination which could be reviewed by the Court of Appeals. On appeal to that court, our order of August 7, 1978 was modified by reinstating the determination of the appellant commissioner as to one charge of misconduct and remitting the matter to the Supreme Court, Suffolk County, with directions to remand to the commissioner for imposition of a penalty on the second charge alone (58 NY2d 765). Thereafter, by order dated February 28, 1983, this court, *inter alia,* construed its order of May 5, 1982 "to the extent of declaring that this court's order dated May 5, 1982 amended the decision and order, both dated August 7, 1978, so as to permit the judgment, together with the computation for compensation to be considered a final determination for review by the Court of Appeals but in no way vacated or set aside the finding of contempt as set forth in the judgment entered March 2, 1982". Since that portion of Special Term's judgment awarding back pay and benefits was incorporated into this court's order of August 7, 1978 (64 AD2d 901, app dsmd 46 NY2d 730), which was subsequently modified by the Court of Appeals (58 NY2d 765), that portion of the judgment is not now before this court. This appeal therefore is limited, as a matter of law and by the appellants' brief, to a review of that portion of the judgment holding appellants to be in contempt of court and imposing punishment. Appellants' principal contention is that the Supreme Court, Suffolk County, lacked subject matter jurisdiction to hold them in contempt of an order of the Appellate Division. Subdivision A of section 753 of the Judiciary Law provides in pertinent part: "A court of record has power to punish, by fine and imprisonment, or either, a neglect or violation of duty, or other misconduct, by which a right or remedy of a party to a civil action or special proceeding, *pending in the court* may be defeated, impaired, impeded or prejudiced" (emphasis added). In exercising its appellate jurisdiction, this court may reverse, affirm or modify the judgment or order appealed from (CPLR 5522), and a copy of the order determining the appeal must then be remitted to the clerk of the court of original instance. Entry of such copy serves as authority for any further proceedings and any judgment directed by the order must be entered by the clerk of the court. The party at whose instance the judgment was entered may then, if appropriate, move in the lower court to enforce the judgment by contempt (Judiciary Law, § 753; CPLR 5104). The procedural posture of the case *sub judice* is, however, quite different. The original jurisdiction for this special proceeding pursuant to CPLR article 78 was in the Special Term of the Supreme Court, Suffolk County (CPLR 7804, subd [g]), which provides in pertinent part: "Where such an issue [whether a determination made as a result of a hearing held, and at which evidence was taken, pursuant to direction by law is, on the entire record, supported by substantial evidence] is raised, the court shall make an order directing that the proceeding be transferred for disposition to a term of the appellate division held within the judicial department embracing the county in which the proceeding was commenced; the court may, however, itself pass on objections in point of law. When the proceeding comes before it, whether by appeal or transfer, the appellate division shall dispose of all issues in the proceeding, or, if the papers are insufficient, it may remit the proceeding." Thus, this proceeding did not come before the Appellate Division on appeal from an order or judgment entered at Special Term. Rather, upon the transfer from Special Term, the Appellate Division sat as a nisi prius court with exclusive original jurisdiction to determine and dispose of all issues in the proceeding. Once the transfer occurred, the proceeding was no longer pending in the Special Term. Moreover, the order of this court which determined the proceeding simply

granted the petition, annulled the administrative determination and directed that petitioner be restored to his former position with back pay. The Appellate Division did not remit the proceeding to the Supreme Court for trial or further proceedings (CPLR 7804, subd [h]) or for entry of judgment. In fact, a judgment in this special proceeding (CPLR 411, 5011, 7806) could not have been entered in the Supreme Court, but only in the Appellate Division, which was the court of original jurisdiction (CPLR 5016, 105, subd [e]; see, also, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5524:2, pp 426-427). We therefore conclude that when petitioner moved at Special Term for an order punishing the appellants for contempt, the proceeding was not pending in that court within the meaning of subdivision A of section 753 of the Judiciary Law. Accordingly, Special Term lacked subject matter jurisdiction over the contempt proceeding and could not have adjudged the appellants to be in contempt of an order of the Appellate Division. Petitioner's application to have the appellants punished for contempt should have been made to this court in the first instance. Having failed to do so, that portion of the judgment appealed from which adjudged appellants to be in contempt and imposed punishment must be reversed. However, our inquiry does not end here, for it is well settled that where a CPLR article 78 proceeding is erroneously determined by Special Term rather than transferred to the Appellate Division (CPLR 7804, subd [g]), the latter court may, on appeal, treat the case as having been properly transferred in the first instance and may dispose of all of the issues *de novo* (*Sierra v McGuire*, 91 AD2d 179; *Matter of Richardson v Board of Educ.*, 80 AD2d 901; *Matter of Memoli v Toia*, 68 AD2d 889). Here, Special Term properly transferred the "substantial evidence" issue but erroneously retained and determined the contempt issue arising out of the same proceeding. Thus, in the interest of judicial economy, we consider the contempt issue *de novo* and, based upon the entire record, find that the appellants disobeyed the lawful order of this court, thereby impairing, impeding and prejudicing petitioner's right to be reinstated with back pay (Judiciary Law, § 753, subd A, par 1). Allowing for those periods during which enforcement was stayed by the pendency of an appeal (CPLR 5519, subd [a]), the record reflects that appellants refused to comply with this court's mandate for over two years. Moreover, the record reflects that the procedural requirements for an application to punish for contempt were met (Judiciary Law, § 754 *et seq.*). Accordingly, we adjudge the appellants to be in contempt of our order, and we fine them the sum of $250, payable jointly, together with petitioner's costs and expenses in seeking reinstatement, including legal fees of $750, also payable jointly. O'Connor, J. P., Weinstein, Bracken and Boyers, JJ., concur.