■ In the Matter of JOHN MALLARD, Petitioner, v STEPHEN DALSHEIM, as Superintendent of Downstate Correctional Facility, et al., Respondents. — Proceeding pursuant to CPLR article 78 to review a determination of the respondent Coughlin, dated February 5, 1982, which affirmed a determination of the respondent Dalsheim finding petitioner guilty of certain stated charges of misconduct, after a superintendent's proceeding, and imposing a penalty of 60 days in the special housing unit, 60 days' loss of certain privileges, and 180 days' loss of good time. Petition granted to the extent that the determinations are reversed, on the law, without costs or disbursements, and the respondents are directed to expunge from petitioner's institutional record all references to the superintendent's proceeding. Petitioner, an inmate at the Downstate Correctional Facility, was charged with violations of institutional rules arising out of an incident which occurred in the prison yard on August 2, 1981. Petitioner was found guilty of all charges after a superintendent's proceeding held on August 5, 1981. The disposition of the proceeding was subject to automatic administrative review pursuant to 7 NYCRR former 270.2,[*] and was affirmed on February 5, 1982. We find that a number of petitioner's rights

_____

[*] 7 NYCRR chapter 5 (covering parts 250-270) was extensively amended, effective June 15, 1983. Because the disciplinary proceeding herein occurred on August 5, 1981, it was governed by the regulations then in effect.

under the Constitution and the regulations of the Department of Correctional Services which were violated during the disciplinary proceeding require the annulment of the respondents' determinations. An inmate's right to be present at his prison disciplinary proceeding has been recognized both judicially and by the regulations of the Department of Correctional Services (*Wolff v McDonnell,* 418 US 539; *Wilkinson v Skinner,* 34 NY2d 53; 7 NYCRR parts 250-253). In order for an inmate to knowingly and voluntarily waive his rights to be present at the hearing, he must be informed of that right and of the consequences of failing to appear at the proceeding (*People v Parker,* 57 NY2d 136; *Matter of Santana v Coughlin,* 90 AD2d 947). Upon commencement of the disciplinary proceeding herein, petitioner was informed of the charges against him. When petitioner was asked if he understood the charges, the following colloquy took place: "John Mallard [petitioner]: 'Yes sir I would like to see a lawyer.' Captain Egger [hearing officer]: 'Okay. Right now, we've got to go with this proceeding, unless you don't want to — ' John Mallard: 'Sir, I will not comment on that unless I see a lawyer and I'll decide then.' Captain Egger: 'Otherwise you won't continue with this.' John Mallard: 'No sir, I'm not saying that. Furthermore, I would like to see a doctor — outside doctor — and a lawyer. What are the charges, They're supposed to be discussed with my lawyer.' Captain Egger: 'Then there's no sense in continuing. Is this what you are saying?' John Mallard: 'Yes Sir. I want to see a lawyer.' Captain Egger: 'Okay. (We'll get back to you.')' John Mallard: 'Thank you, sir.' " The petitioner then left the room and the hearing was conducted in his absence. We conclude that petitioner's rights were violated. The petitioner did not knowingly and voluntarily waive his right to be present at the hearing since the record is devoid of any evidence indicating that he was aware the hearing would be conducted *in absentia.* In addition, 7 NYCRR former 253.3 provided that an inmate was entitled to the assistance of an employee in preparing for a disciplinary proceeding. The employee was required to "investigate any reasonable factual claim the inmate may make" and to submit the results of his investigation to the hearing officer (7 NYCRR former 253.3 [b], [c]). In this case, petitioner asked his employee assistant to interview an inmate. Petitioner did not know the inmate's name but described him as an "inmate in 1A [housing complex] with 69 on his arm". The inmate witness was never interviewed. The information provided by petitioner was sufficient to allow the employee to locate the witness without great difficulty. Failure to do so constituted a violation of 7 NYCRR former 253.4 (*People ex rel. Cooper v Smith,* 115 Misc 2d 689). Furthermore, the hearing officer did not interview any of the employees with direct knowledge of the incident, but merely based his decision on the written reports submitted by correction officers. This was in violation of the explicit requirements of 7 NYCRR former 253.4 (c) (*Matter of Hilton v Dalsheim,* 81 AD2d 887; *Matter of Longo v Fogg,* 71 AD2d 955). Petitioner was also not given an adequate statement of the evidence relied upon and the reasons for the disposition imposed (*Wolff v McDonnell, supra;* 7 NYCRR former 253.4 [i]). The hearing officer's report stated that he reviewed all the evidence and "based on written reports, I affirm all the charges. Due to the seriousness of the offenses and the lack of interest by the inmate, I feel the disposition to be appropriate". This brief and unspecific statement was clearly insufficient (*Matter of Hilton v Dalsheim, supra*). We also find that the hearing officer's determination was not based on substantial evidence in the record. The determination was based solely on written reports of the correction officers. Their version of the facts contradicted that of the petitioner, yet they were not interviewed by the hearing officer. A further investigation should have been made by interviewing the witnesses and judging their credibility. Finally, we reject the respondents' argument that petitioner's challenge to the

loss of good behavior allowance is barred for failure to exhaust administrative remedies. Respondents failed to raise this defense in their answer and it was therefore waived (*Matter of Hilton v Dalsheim, supra*). Moreover, 7 NYCRR former 270.4 (a), governing administrative review of the loss of good time, provided that an inmate "*may* initiate a review" of the decision (emphasis added). That section did not create a mandatory step in the administrative process. Therefore, petitioner's failure to seek such a review does not bar the instant proceeding. In view of the circumstances of this case, we find expungement from petitioner's institutional record of all references to the superintendent's proceeding to be the appropriate remedy (*Matter of Hilton v Dalsheim, supra; Matter of Justice v Smith*, 69 AD2d 1018). Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.