■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. KENNETH PIGNONE, Appellant, v EUGENE LeFEVRE et al., Respondents. — In a habeas corpus proceeding brought by a State prisoner to expunge from his institutional records all reference to certain parole violation charges which were dismissed for failure to provide him with a timely parole revocation hearing, petitioner appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), entered June 22, 1983, which denied the application. ¶ Judgment reversed, on the law, without costs or disbursements, matter converted to a proceeding

pursuant to CPLR article 78, and petition granted to the extent that respondents are directed to expunge all reference to the parole violation charges in question from petitioner's institutional records. ¶ Petitioner, a State prisoner, commenced this proceeding to expunge references to certain parole violation charges from his institutional records. The charges had been dismissed on the Parole Board's consent because petitioner did not receive a timely final revocation hearing. Special Term denied expungement. We reverse. ¶ At the outset, we note that habeas corpus is not an appropriate vehicle to obtain expungement since petitioner is currently incarcerated on another conviction, unrelated to the one on which he was previously paroled and does not now seek release from custody. Exercising our discretion pursuant to CPLR 103 (subd [c]), we convert it to a CPLR article 78 proceeding. ¶ On the merits, it is clear that the parole violation charges were never established. Since they cannot, therefore, be considered by the Parole Board in the future, expungement is an appropriate remedy (see *Matter of Collins v Hammock,* 52 NY2d 798; *Matter of Mallard v Dalsheim,* 97 AD2d 545, 547; *Matter of Grosvenor v Dalsheim,* 90 AD2d 485; *Matter of Hilton v Dalsheim,* 81 AD2d 887). Mollen, P. J., Titone, Lazer and Thompson, JJ., concur.