■ In the Matter of BENJAMIN SANTANA, Appellant, v THOMAS A. COUGHLIN, III, et al., Respondents. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination made at a superintendent's proceeding finding petitioner guilty of certain misconduct and imposing punishment, he appeals from a judgment of the Supreme Court, Dutchess County (Jiudice, J.), dated December 14, 1983, which dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, and the respondents are directed to expunge from petitioner's institutional record all references to the superintendent's proceedings.

At the time of petitioner's hearing, superintendent's proceedings were governed by regulations contained in 7 NYCRR 253.4 (b), (c), subsequently repealed. They provided that if an inmate denied any involvement in the incident for which he was charged, then "[t]he person conducting the proceeding *shall interview* one or more employees who witnessed or have direct knowledge of the incident" (emphasis added). Although petitioner herein denied any involvement in the incident, the hearing officer failed to interview the correction officer who had direct knowledge of the incident and simply relied on that officer's written misbehavior report to find petitioner guilty. Therefore, the determination under review cannot stand since it was made in violation of the subject regulation (see *Matter of Hilton v Dalsheim,* 81 AD2d 887; *Matter of Longo v Fogg,* 71 AD2d 955).

Even assuming, *arguendo,* that no regulatory violation existed, we would still annul the determination as not being supported by substantial evidence. As has been stated, where, as here, the inmate denies his involvement in an incident, the only evidence adduced against him being the written report of an employee having direct knowledge, and that employee is not called to testify, any adverse determination cannot be supported by substantial evidence (see *Matter of Mallard v Dalsheim,* 97 AD2d 545, 546; *Matter of Cook v Coughlin,* 97 AD2d 663; cf. *People ex rel. McGee v Walters,* 62 NY2d 317).

Finally, due to the fact that petitioner has already served his sentence of 45 days' segregation, the proper remedy at this point is to expunge from petitioner's institutional record all references to the superintendent's proceeding (see *Matter of Hilton v Dalsheim, supra*). Mangano, J. P., Gibbons, O'Connor and Brown, JJ., concur.