■ In the Matter of PEDRO PEREZ, Appellant, v JOHN B. WILMOT, as Superintendent of the Elmira Correctional Facility, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination made at a superintendent's proceeding finding petitioner guilty of certain misconduct and imposing punishment, petitioner appeals from a judgment of the Supreme Court, Dutchess County (Coppola, J.), dated April 16, 1984, which dismissed the proceeding.

Judgment reversed, on the law, without costs or disbursements, the petition is granted to the extent that the determination is annulled, petitioner's loss of good time credit is restored, and the respondents are directed to expunge from petitioner's institutional record all references to the superintendent's proceeding.

Initially, we note that although Special term improperly ruled upon the issue of substantial evidence rather than transferring the proceeding to this court for determination in the first instance (CPLR 7804 [g]), we will treat the proceeding as though it had properly been transferred and dispose of the issues de novo (*Matter of Quinn v Werner,* 96 AD2d 1079).

Petitioner was found guilty of fighting and engaging in a disturbance, based upon an incident at Elmira Correctional Facility on August 24, 1983. The hearing officer based his determination upon an inmate misbehavior report completed by the correction officer who had witnessed the incident. That correction officer, however, was neither interviewed by the hearing officer nor produced as a witness at the hearing. Petitioner, testifying on his own behalf, disputed the correction officer's version, claiming that he acted in self-defense after he had been attacked by another inmate. Petitioner also called another inmate as a witness on his behalf. That witness, however, acknowledged that he did not see the fight in which petitioner allegedly participated and thus his testimony was of no value.

The proceeding at bar is governed by a new Department of Correctional Services regulation (*see,* 7 NYCRR part 254 [eff June 15, 1983]; *cf. Matter of Jones v Smith,* 64 NY2d 1003) which omits the former requirement that the hearing officer "shall interview one or more employees who witnessed or have direct knowledge of the incident" (7 NYCRR 253.4 [c]). Notwithstanding the repeal of this regulatory requirement, however, we find that where, as here, the inmate disputes the correction officer's version of the incident, and an adverse determination is based solely upon the written report of an employee having direct knowledge and that employee is not called to testify, the adverse determination cannot be considered as being supported by substantial evidence (*see, Matter of Santana v Coughlin,* 105 AD2d 789; *Matter of Mallard v Dalsheim,* 97 AD2d 545; *Matter of Cook v Coughlin,* 97 AD2d 663).

Finally, since petitioner has already served his sentence of confinement to a special housing unit, the proper remedy at this point is to restore his loss of good time credit and expunge from his institutional record all references to the superintendent's proceeding (*Matter of Santana v Coughlin, supra; Matter of Mallard v Dalsheim, supra; Matter of Hilton v Dalsheim,* 81 AD2d 887). Gibbons, J. P., Weinstein, Brown and Eiber, JJ., concur.