■ In the Matter of Terrence Mason, Petitioner, v Eugene S. LeFevre, as Superintendent of Clinton Correctional Facility, et al., Respondents.—Harvey, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On August 10, 1984, petitioner, an inmate at Clinton Cor-

rectional Facility, was served with a notice of charges which accused him of violating institutional rule 113.12 (possession of drugs). It was alleged that a urine sample taken from petitioner on January 14, 1984 and tested on January 17, 1984 was found to be positive for the presence of cannabis-based substances. Petitioner's urine sample was taken and tested as a part of the institution's policy of testing inmates who have had visits with their families in the mobile homes provided on the grounds of the facility. The test of petitioner was done on a random basis.

A hearing was held and petitioner was found guilty of the charge. The penalty imposed was 45 days' confinement to his cell, loss of privileges and a recommendation for loss of 90 days' good time. Petitioner commenced the instant CPLR article 78 proceeding alleging insufficient evidence and violation of his due process rights. The proceeding was transferred to this court.

On review of the record before us, we find that respondents violated a Department of Correctional Services regulation by refusing to call the correction officer witness requested by petitioner (7 NYCRR 254.5 [a]). At the hearing, petitioner raised the issue of the chain of custody of his urine specimen. The record revealed that the specimen was not delivered to the laboratory until approximately one hour after it had been taken. Respondents declined to interview that correction officer although requested to do so by petitioner. This was error since petitioner was entitled to call that witness. The only reason given for the refusal was that the officer had been transferred to another facility about 10 miles away and that the officer had submitted a written report. This was insufficient (see, Matter of Santana v Coughlin, 105 AD2d 789; see also, Matter of Mallard v Dalsheim, 97 AD2d 545, 546).

The record reflects that the hearing officer acknowledged the relevancy of the chain of custody question raised by petitioner and acknowledged that the best method of resolving the issue was to call the correction officer to testify. However, the hearing officer reversed his position later and declined to call the officer. The correction officer's testimony would have been relevant and material. Thus, under these circumstances, it was error to refuse to call the officer to testify (see, Matter of Coleman v Coombe, 65 NY2d 777, 780).

Petitioner also contends that there was an insufficient foundation to permit the head nurse of the facility to express an opinion as to whether the positive urinalysis could have resulted from medication being taken by him. No objection

was made at the time and petitioner offered no proof in that regard. We conclude that petitioner waived any right to raise the issue for the first time in this proceeding *(see, Matter of Guzman v Coughlin,* 90 AD2d 666).

Determination annulled, without costs, and matter remitted to respondents for the purpose of making a new determination on the charge contained in the misbehavior report after conducting a hearing in accordance with the decision herein. Mahoney, P. J., Main, Yesawich, Jr., Levine and Harvey, JJ., concur.