■ In the Matter of JULIO GIANO, Appellant-Respondent, v JAMES E. SULLIVAN, as Superintendent of Sing Sing Correctional Facility, Respondent-Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of James E. Sullivan, Superintendent of the Sing Sing Correctional Facility (hereinafter the Superintendent), dated December 14, 1986, which, after a hearing, found the petitioner guilty of violating rules 108.10, 109.11 and 118.10 of the Standards of Inmate Behavior and imposed a sanction, the petitioner appeals, as

limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Wood, J.), entered June 26, 1987, as dismissed that branch of his petition which was to review the finding of a violation of rule 108.10, and the Superintendent cross-appeals, as limited by his brief, from so much of the same judgment as modified his determination by (a) dismissing his findings that the petitioner was guilty of violating rule 109.11 and rule 118.10 and (b) reducing the petitioner's penalty of confinement to the special housing unit and loss of privileges from 5 years to 1 year.

Ordered that the judgment is affirmed insofar as appealed from and reversed insofar as cross-appealed from, on the law, without costs or disbursements, the determination is confirmed and the petition is dismissed on the merits.

The petitioner, an inmate at the Sing Sing Correctional Facility, was charged with escape, leaving an assigned area, and setting a fire, in that on December 9, 1986, he, along with two other inmates, exited the prison via a bathroom window and cut through a fence to effect their escape using an incendiary device to create a diversion. The petitioner was apprehended in North Tarrytown, New York, on December 10, 1986, and returned to the prison by the State Police the next day.

In commencing this CPLR article 78 proceeding the petitioner claimed that the procedures employed by the Superintendent in arranging and conducting a Tier III hearing violated his due process rights and that the penalty imposed was excessive. Upon review of the petition, the Supreme Court, Westchester County, found that the petitioner's due process rights had been violated with regard to two of the charges filed against him in that he had not been given certain investigatory reports which might have been relevant to his defense. In deciding the due process issue the court further held that the two charges in question were not supported by substantial evidence.

We note that although the petitioner did not raise the contention that the Superintendent's findings were unsupported by substantial evidence, the Supreme Court decided that issue. The court erred in doing so, since the issue had not been raised, and, in any event, the authority to determine that issue is vested in the Appellate Division (see, CPLR 7804 [g]; Matter of Salley v Hempstead School Dist., 121 AD2d 547). However, since the Supreme Court erroneously modified certain findings of the Superintendent based upon the supposed

lack of substantial evidence, this court has reached the issue on this appeal *(see, Matter of Quinn v Werner,* 96 AD2d 1079, 1081, *appeal dismissed* 61 NY2d 868; *Matter of Salley v Hempstead School Dist., supra).*

We do not find, as the Supreme Court did, that the petitioner was denied due process because he was prevented from submitting relevant documentary evidence to the Hearing Officer. It is provided in 7 NYCRR 254.6 (c) that an inmate "shall be allowed *to* submit *relevant* documentary evidence * * * on his behalf" (emphasis supplied) as part of a Tier III hearing. The petitioner herein has failed to show how any of the investigatory reports which he requested were relevant to his defense, since he never raised any defense to the charges against him.

In sustaining the charges filed against the petitioner, the Superintendent relied on a misbehavior report by Lt. Wilkerson, who completed it based on information he obtained from personnel with firsthand knowledge of the incident, and on the testimony of the corrections officer who was present when the petitioner was returned to prison by the State Police. The Supreme Court found that charges of violating rule 109.11 (leaving assigned area) and rule 118.10 (setting a fire) were not supported by substantial evidence because "the report and testimony of Lt. Wilkerson was not of his own direct knowledge and investigation but was based upon knowledge, conduct and statements of other persons who did not testify at the hearing or participate in the misbehavior report". This finding was erroneous in light of the holding of the Court of Appeals in *People ex rel. Vega v Smith* (66 NY2d 130, 139) that hearsay evidence may constitute substantial evidence as long as there is " 'such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact' " *(People ex rel. Vega v Smith, supra,* at 139). The record reveals that there is substantial evidence to support each of the charged violations.

It was also error for the Supreme Court, Westchester County, to substitute its own penalty for that imposed by the Superintendent. Where a court finds a penalty to be excessive the proper procedure is to remit the matter to the appropriate agency for the imposition of a new penalty *(see, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874). However, we do not concur with the court's holding that the penalty herein imposed is "so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one's sense of fairness" *(see, Matter of Pell v Board of Educ.,* 34 NY2d

222, 233; *Matter of New York City Dept. of Sanitation v New York Civ. Serv. Commn.,* 68 NY2d 978). Accordingly, we confirm the determination of the Superintendent which imposed a penalty of confinement to the special housing area and loss of privileges for a period of five years.

We have reviewed the other due process issues raised by the petitioner and find them to be without merit. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.