OPINION OF THE COURT
Charles H. Lewis, J.
This matter arose on the petition of Jose Rodriguez, verified *877 January 11, 1989, in which petitioner challenged the results of a Tier III Superintendent’s hearing which was concluded at the Clinton Correctional Facility on October 25, 1988. This court issued an order to show cause herein on January 30, 1989, and has received and reviewed respondents’ answer dated February 27, 1989, petitioner’s reply dated March 9, 1989, and respondents’ letter memorandum dated April 4, 1989.
This matter was originated by four separate misbehavior reports alleging several acts of misconduct by the petitioner on October 10, 1988. These included three violations of rule 118.10 (starting fires) and one violation each of rule 106.10 (refusal to obey a direct order), rule 116.10 (destruction of State property), and rule 118.22 (committing an unhygienic act). The misbehavior reports were served on petitioner on October 11, 1988, and a Tier III Superintendent’s hearing was commenced on October 21, 1988. The hearing was concluded on October 25, 1988, after a time-extension request was approved on that same day, which required completion on the date of October 25, 1988. After the hearing petitioner was found not guilty of violations of rules 118.22 and 116.10 but guilty on the other four counts. He was penalized by 120 days’ confinement in a special housing unit with loss of privileges. The hearing determination was administratively affirmed on December 19, 1988.
 The original pro se petition herein raises five separate claims of error by the respondents in the conduct of the proceedings against petitioner. In petitioner’s reply, on which he was represented by Prisoners’ Legal Services of New York, three of those grounds were abandoned. The court notes that the abandoned grounds were without merit. The remaining claims are that the respondents violated the 14-day rule set forth in 7 NYCRR 251-5.1 (b); and that petitioner was denied the right to call inmate witnesses on his behalf, in violation of 7 NYCRR 254.5. Both of the claims by petitioner of error by the respondents are supported by the record herein.
7 NYCRR 251-5.1 (b) requires that a Superintendent’s hearing must be completed within 14 days following the writing of the misbehavior report unless otherwise authorized. It is clear that in this proceeding the hearing was not completed until October 25, 1988, which was the 15th day following the writing of the misbehavior report. However, a time-extension request was granted, presumably by an authorized designee of the Commissioner, on October 25, 1988. The stated *878 reason for the extension was, "Inmate witness wasn’t available until 10-25-88”. However, because the time extension was not granted until after the 14-day requirement had already expired, this court finds that the time extension was not timely and, therefore, of no effect.
Respondents argue that there is no requirement that the time extension be granted prior to the expiration of the period in question. If this were correct, respondents could always obtain a time-extension request after either a 7-day or 14-day time limitation had expired. Under respondents’ argument, after-the-fact extensions could be obtained weeks or months after the expiration of a time limit, which would clearly not be proper. (See, e.g., Matter of Taylor v Coughlin, 135 AD2d 992, 993 [in which the court stated, "In the instant case, a timely request for an extension was made and renewed three times and the hearing was completed 20 days after it had begun” (emphasis added)].) The implication of that language is that an untimely request for an extension would not be sufficient. This court also notes that the reason given in the time-extension request form, relating to the unavailability of inmate witnesses, was not true, as no inmate witnesses were ever called, even on the adjourned date.
With respect to petitioner’s second argument, this court finds that the petitioner was denied the right to call witnesses on his behalf. Throughout the hearing, petitioner continually requested that three inmate witnesses be called to testify on his behalf. He did not have the names of the witnesses but he did have their cell locations, which were cells 13, 14 and 15 in the special housing unit at the Shawangunk Correctional Facility. The Hearing Officer refused to call any witnesses for petitioner and apparently made no effort to attempt to locate the witnesses requested by the petitioner. Respondents argue that the Hearing Officer did not have the burden of locating petitioner’s witnesses as that was the function of an inmate assistant, which had been waived by petitioner in this case. That argument is not correct. 7 NYCRR 254.5 (c) provides that an inmate may request a witness either by informing his assistant or the Hearing Officer prior to the hearing or by informing the Hearing Officer during the hearing. Therefore, it was not at all improper for the petitioner to wait until the hearing to request his witnesses.
Although it is true that petitioner did not identify his requested witnesses by name or number, he did give the Hearing Officer sufficient information so that the witnesses *879 could be located. (See, Matter of Shipman v Coughlin, 98 AD2d 823; People ex rel. Cooper v Smith, 115 Misc 2d 689; Matter of Mallard v Dalsheim, 97 AD2d 545.) Under the circumstances, the Hearing Officer should have made a meaningful effort to secure the testimony of the witnesses requested by the petitioner. (See, Matter of Silva v Scully, 138 AD2d 717; Matter of Barnes v LeFevre, 69 NY2d 649.)
This court also notes that in denying petitioner the right to call witnesses, there is no indication in the record that the Hearing Officer gave the petitioner a written statement setting forth the reasons for the witness denial, as required by 7 NYCRR 254.5 (a).
In view of the foregoing, it is the decision of this court and it is hereby,
Ordered that the determination of respondents is hereby annulled, the charges are dismissed, and respondents are directed to expunge all references to the proceeding from the petitioner’s departmental and institutional files.