■ In the Matter of THOMAS LINZ, Respondent, v JAMES E. SULLIVAN, as Superintendent of Sing Sing Correctional Facility, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of James E. Sullivan, Superintendent of the Sing Sing Correctional Facility (hereinafter the Superintendent), dated December 13, 1986, which, after a hearing, found the petitioner guilty of violating certain inmate rules and imposed sanctions, the appeal is from so

much of a judgment of the Supreme Court, Westchester County (Wood, J.), dated November 30, 1987, as granted the petition to the extent of dismissing two of the charges against the petitioner and reducing the penalty on the third charge from five years' confinement in a special housing unit to one-year confinement in a special housing unit.

Ordered that the judgment is reversed insofar as appealed from, on the law, without costs or disbursements, the determination is confirmed, and the proceeding is dismissed on the merits.

The petitioner, an inmate at the Sing Sing Correctional Facility, was charged with escape, leaving an assigned area, and setting a fire. It was alleged that on December 9, 1986, he, along with two other inmates, exited the prison via a bathroom window and cut through a fence to effect their escape, using an incendiary device to create a diversion. The petitioner was apprehended and returned to the prison the next day. After a hearing, the petitioner was found guilty of all three charges and a penalty of five years' confinement to the special housing unit was imposed. At the hearing, a misbehavior report prepared by a correction lieutenant was admitted into evidence. A supplemental report of the respondent Sullivan and a report by a correction sergeant revealed that the petitioner had been recaptured in Scarborough, New York, on December 10, 1986, after an "intensive search".

In the instant proceeding, the petitioner contends that the determination finding him guilty was not supported by substantial evidence in the record. The Supreme Court granted the petition in part, determining that the charges in regard to his leaving his assigned area and setting a fire were not supported by substantial evidence because the lieutenant failed to disclose whether the assertions made in his report were premised on personal knowledge or upon "what others told him" and "circumstances which subsequently came to his attention". After sustaining the charge of escape, the court reduced the penalty imposed from five years' confinement in a special housing unit to one-year confinement.

The petitioner concedes that his guilt with respect to the charge of escape is supported by substantial evidence, but argues that the evidence is lacking with respect to the other charges. We note that the authority to determine the issue of substantial evidence is vested in the Appellate Division (see, CPLR 7804 [g]; *Matter of Salley v Hempstead School Dist.,* 121 AD2d 547), and the Supreme Court should not have decided the issue. Further, in *Matter of Giano v Sullivan* (137 AD2d

529, *appeal dismissed* 72 NY2d 907), a case involving one of the petitioner's cohorts in the instant escape, this court confirmed the determination finding the cohort guilty of all the charges in issue here.

Upon review of the record, and in accord with our prior determination in *Matter of Giano v Sullivan (supra)*, we conclude that the determination of guilt on all three charges was supported by substantial evidence. As we noted in *Matter of Giano v Sullivan (supra)*, the misbehavior report could not be disregarded in evaluating whether there was substantial evidence, merely because the information contained in it was premised on the statements of others who did not participate in the actual framing of the report. In *People ex rel. Vega v Smith* (66 NY2d 130), the Court of Appeals held that hearsay evidence may constitute substantial evidence as long as there is "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 180; *see also, People ex rel. Vega v Smith, supra*, at 139; *Matter of Giano v Sullivan, supra*, at 531).

Moreover, we conclude that the penalty imposed was not excessive under the circumstances *(see, Matter of Giano v Sullivan, supra)*.

The petitioner's contentions with respect to alleged due process violations have been reviewed and found to be lacking in merit. Mollen, P. J., Mangano, Kooper and Spatt, JJ., concur.