■ In the Matter of CHARLES CRIPPEN, Respondent, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Appellants. — Casey, J. Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered January 23, 1984 in Clinton County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination made by respondents after a superintendent's proceeding and to expunge all references thereto from petitioner's files.

Petitioner, an inmate of Clinton Correctional Facility, was charged with misbehavior for allegedly adding soap to the prisoners' food on July 19, 1983 while working in the mess hall.

952

The misbehavior report informed petitioner, who had been placed in administrative keeplock, that a hearing would be held to consider and determine the charge and that petitioner would be permitted to call witnesses as long as institutional safety or correctional goals were not jeopardized. Prior to the hearing held on July 21, 1983, petitioner did not request any witnesses to testify on his behalf. At the hearing, petitioner denied the charge and stated that his mess hall duties were confined to handing out silverware, that he had nothing to do with the food, and that the correction officers who were in charge of the mess hall would confirm this. Correction Officer Robert Ball's testimony, which contradicted petitioner's version, was based on statements from six inmates, whose identities were not disclosed for security reasons and who identified petitioner as the culprit. Ball did confirm the identity and the previous reliability of five of the inmates. His testimony also revealed that petitioner had been involved in a prior similar incident but had not been charged for lack of sufficient proof. For security reasons, Ball's testimony was classified confidential and petitioner was not permitted to hear it or given access to the tape which contained it. At the conclusion of the hearing, petitioner was found guilty of misbehavior and told that he would be in keeplock for 90 days, lose privileges and good time, and be precluded from further work in the mess hall. Petitioner then requested witnesses to testify on his behalf. Specifically, these witnesses were officers, sergeants and a civilian who would testify that petitioner did not work around the prisoners' food. His request was refused when he said that no one could definitely state that petitioner did not place soap and dead flies in the prisoners' creamed corn.

The applicable regulation (7 NYCRR 254.5) provides that:

"(a) The inmate may call witnesses on his behalf provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals. If permission to call a witness is denied, the hearing officer shall give the inmate a written statement stating the reasons for the denial, including the specific threat to institutional safety or correctional goals presented * * *

"(c) An inmate may request a witness by either:

"(1) informing his assistant or the hearing officer before the hearing; or

"(2) informing the hearing officer during the hearing."

Nothing in this recently adopted regulation would or should prevent the calling of the witnesses requested by petitioner. Apparently, the witnesses would verify that petitioner was not

present in that part of the mess hall at the time of the incident. Obviously, such testimony would be material and relevant and certainly would not violate security or institutional safety (*see, Wolff v McDonnell*, 418 US 539, 566). For the hearing officer to refuse to call the witnesses requested on the ground that they could not swear that petitioner did not contaminate the food was, therefore, error. For this reason, the superintendent's proceeding determination was properly annulled and expunged from petitioner's files (*Matter of Burke v Coughlin*, 97 AD2d 862, 864). In view of the determination being made herein, it is unnecessary to consider respondents' other contentions. The judgment should, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.