■ In the Matter of RONALD Fox, Respondent, v STEPHEN DALSHEIM, as Superintendent, Downstate Correctional Facility, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination made at a superintendent's hearing which found petitioner guilty of misconduct and imposed punishment, the appeal is from a judgment of the Supreme Court, Dutchess County (Slifkin, J.), dated June 11, 1984, which granted the petition. The appeal brings up for review so much of an order of the same court dated August 28, 1984 as, upon reargument, adhered to the original determination.

Appeal from judgment dated June 11, 1984, dismissed, without costs or disbursements. The judgment was superseded by the order made upon reargument.

Order dated August 28, 1984, affirmed insofar as reviewed, without costs or disbursements.

While confined at Downstate Correctional Facility in Fishkill, New York, the petitioner was charged with three counts of misbehavior: assault, conduct disturbing the order of the facility and refusal to obey a direct order stemming from an incident which occurred on November 9, 1983. The next day, the petitioner was assigned an employee assistant pursuant to 7 NYCRR 251-4.2, who supplied him with a copy of the inmate misbehavior report prepared by the sergeant involved in the incident and indorsed by three correction officers who witnessed and participated in the event. The petitioner supplied his employee assistant with the names of seven persons he wished to call as witnesses at his forthcoming superintendent's hearing. The list included three inmates, the sergeant and the three corrections' officers.

Throughout the superintendent's hearing, the petitioner maintained that it was the correctional facility employees who perpetrated the assault. One of the inmate witnesses con-

firmed this account, while the remaining two inmate witnesses testified that they did not actually see the physical confrontation. The hearing officer called two of the employee witnesses, whose account of the incident matched that written on the misbehavior report, but refused to call the final two employee witnesses chosen by the petitioner because of "redundancy of the testimony".

Although the revised superintendent's hearing rules and regulations found in 7 NYCRR 254.5 (a) now permit exclusion of a witness's testimony when it is redundant or immaterial, this provision does not afford the hearing officer the unlimited right to exclude testimony relevant to an inmate's defense. Special Term properly found that the hearing officer abused his discretion when he excluded the testimony of the remaining two employees involved in the incident, based upon the speculation that the officers would testify in conformity with the misbehavior report. This is especially true where the petitioner's account differed from that described in the misbehavior report (*see, Matter of Santana v Coughlin,* 105 AD2d 789; *Matter of Mallard v Dalsheim,* 97 AD2d 545). In light of these circumstances, it would not have been unduly burdensome for the hearing officer to have interviewed two additional witnesses (*see, People ex rel. Selcov v Coughlin,* 98 AD2d 733). Mollen, P. J., Mangano, O'Connor and Weinstein, JJ., concur.