**Roberto GUTIERREZ, Plaintiff,**

v.

**Thomas A. COUGHLIN III, Commissioner, New York State Department of Correctional Services; Harold J. Smith, Superintendent, Attica Correctional Facility; Charles James, Deputy Superintendent, Attica Correctional Facility; and W. Cook, Correctional Officer at Attica Correctional Facility, Defendants.**

**No. CIV–82–1071C.**

United States District Court,
W.D. New York.

Oct. 2, 1987.

Saperston & Day (Laurence D. Behr, of counsel), Buffalo, N.Y., for plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y. (David L. Edmunds, Jr., Asst. Atty. Gen., of counsel), Buffalo, N.Y., for defendants.

CURTIN, Chief Judge.

Plaintiff has filed an action under 42 U.S.C. § 1983 alleging a violation of his rights under the eighth and fourteenth amendments of the United States Constitution, as well as the laws of the State of New York, as a result of a stabbing and assault incident which allegedly occurred on September 3, 1982, and his confinement at the Attica Correctional Facility's Special Housing Unit [SHU] beginning September 10, 1982 (Item 17). The parties now cross-move for summary judgment (Items 36–37, 39–44).

In defendants' original motion papers, they allege that they are entitled to summary judgment on several grounds. First,

474

they argue that the named defendants either had no personal knowledge of the events complained of, did not personally direct or participate in any of these events, or acted in good faith. Item 36, affidavit of Attorney David L. Edmunds, ¶¶ 7–13; *but see,* Item 43, ¶¶ 3–6. Second, defendants argue that plaintiff's state law claims in this case against them are barred by the eleventh amendment. Edmunds Affidavit, ¶¶ 14–15. Third, defendants say that, although it was found in Article 78 proceedings below that plaintiff was not afforded a Superintendent's Proceeding within seven days of his confinement as was required under state rules and regulations, there was no finding that plaintiff's federal due process rights were violated. Edmunds Affidavit, ¶¶ 16–29, *citing Gutierrez v. Smith,* Index No. 11,033 (Sup.Ct.1983) (attached as Exh. A to Item 39).

Contrary to defendants' view, plaintiff argues that his federal due process rights were violated when he was confined to the Attica Special Housing Unit without observance of even the minimal procedural requirements for such confinement. *Cf., Powell v. Ward,* 643 F.2d 924 (2d Cir.), *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). Plaintiff says that this was the conclusion at the Article 78 proceeding below and that this finding is binding on this court pursuant to the doctrine of *res judicata* and collateral estoppel. Given the above, plaintiff contends that this court should grant his motion for summary judgment and set a hearing date for resolution of the damage issue. *See also* Item 43 and 44; *but see* Items 41 and 42.

In the Article 78 proceeding, *Gutierrez v. Smith, supra,* Acting Supreme Court Justice John S. Conable said:

It appears that Mr. Gutierrez was initially written up for misbehavior on September 3, 1982 and made his initial appearance in the Superintendent's Proceeding on September 9, 1982. He appeared for a second interview on September 13, 1982. At the time this matter was heard, the Assistant Attorney General argued that the commencement of the proceeding on the sixth day after the

inmate's confinement satisfied applicable requirements.

Such a view is inconsistent with the opinion of the Second Circuit Court of Appeals in *Powell v. Ward,* 643 F.2d 924, and the petitioner is, therefore, entitled to relief pursuant to this Court's decision in *Matter of Passley v. Smith,* Supreme Court, Wyoming County Index No. 11,-011 (see attached copy of memorandum and judgment dated March 28, 1983).

Item 39, Exh. A.

As was stated in the *Powell v. Ward* case, mentioned above, 7 NYCRR § 252.5(e)(2) required that a Superintendent's Proceeding, like the one involved in the instant case, be "held" within 7 days of an inmate's confinement in special housing units pending investigation of the charges against that inmate. 643 F.2d at 928 n. 2, 930, 932. Interpreting this rule, the Second Circuit explicitly rejected the position that it would be sufficient for this proceeding to have been merely "commenced" during this seven-day period to avoid a violation. *Id.* at 932.

As was recognized by Judge Munson in the case of *Majid v. Henderson,* 533 F.Supp. 1257, 1272 (N.D.N.Y.), *aff'd,* 714 F.2d 115 (1982), "[t]he Second Circuit does not appear, at any time, to have expressly ruled upon the constitutional merits of the seven-day rule." However, Judge Munson noted that where an inmate's continued presence in the general prison population is considered a threat to the safety of others, the Second Circuit has said that an inmate may be confined "as long as a hearing follows as soon as it is practicable." *Id.* at 1272, *citing McKinnon v. Patterson,* 568 F.2d 930, 939 n. 10 (2d Cir.1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1282, 55 L.Ed. 2d 792 (1978).

Given the above cases, I find that it is clear that neither *Powell, Passley,* nor the Article 78 proceedings below indicated that a violation of the seven-day rule constitutes a violation of due process rights that is entitled to collateral estoppel or *res judicata* effect by this court now. Therefore, plaintiff's motion for summary judgment on this ground is denied. Because I find

that plaintiff cannot show a deprivation of his constitutional rights, defendants' motion must be granted in all respects. Plaintiff's complaint is dismissed.

So ordered.