841 F.2d 484
 Roberto GUTIERREZ, Plaintiff-Appellant,
v.
Thomas A. COUGHLIN, III, Commissioner, New York State
Department of Correctional Services, Harold J. Smith,
Superintendent, Attica Correctional Facility, Charles James,
Deputy Superintendent, Attica Correctional Facility and W.
Cook, Correction Officer at Attica Correctional Facility,
Defendants-Appellees.
 No. 73, Docket 87-2446.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 9, 1988.
Decided March 10, 1988.
 
 Anna Marie Richmond, Buffalo, N.Y. (David C. Leven, Executive Director, Prisoners' Legal Services of N.Y., Buffalo, N.Y., of counsel), for plaintiff-appellant.
 Daniel Smirlock, Asst. Atty. Gen. of the State of N.Y., Albany, N.Y. (Robert Abrams, Atty. Gen., Peter H. Schiff, Deputy Sol. Gen., Wayne L. Benjamin, Asst. Atty. Gen., Albany, N.Y., of counsel), for defendants-appellees.
 Before CARDAMONE and PIERCE, Circuit Judges, and STANTON, District Judge.*
 PER CURIAM:
 
 
 1
 Appellant Roberto Gutierrez, an inmate at Attica Correctional Facility, appeals from the October 6, 1987 judgment of the United States District Court for the Western District of New York, 670 F.Supp. 473 (Curtin, J.) granting a motion made by the Commissioner of the New York State Department of Correctional Services, the Superintendent, Deputy Superintendent, and a Correction Officer at the Attica Correctional Facility (appellees) for summary judgment and dismissing Gutierrez' complaint.
 
 
 2
 Gutierrez filed the present action in the district court under 42 U.S.C. Sec. 1983 (1982), alleging, inter alia, that appellees violated his due process rights guaranteed by the United States Constitution. On April 4, 1983 the Supreme Court of the State of New York, Wyoming County (Conable, J.), held in an Article 78 proceeding that appellees had failed to conclude a disciplinary proceeding within seven days after Gutierrez' confinement, in contravention to our opinion in Powell v. Ward, 643 F.2d 924 (2d Cir.) (per curiam), cert. denied, 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981). Appellant sought to use the state court proceeding order preclusively in this federal Sec. 1983 civil rights case, claiming that Justice Conable's decision in the Article 78 proceeding collaterally estops the appellees from relitigating whether a due process violation occurred.
 
 
 3
 As we noted in Davidson v. Capuano, 792 F.2d 275, 278 (2d Cir.1986), an Article 78 tribunal can award damages only if (1) the damages are incidental to the primary relief sought, and (2) the relief is such that the petitioner could have recovered on the same set of facts in a separate suit maintainable in the Supreme Court against the same officer in his official capacity. Damages for civil rights violations may not be recovered in an Article 78 proceeding. Id. at 278-79. Because appellees could not have been held personally liable in such a proceeding, they did not have the same incentive to litigate that state court action as they did the federal Sec. 1983 action. See, e.g., Parklane Hosiery Co. v. Shore, 439 U.S. 322, 330-31, 99 S.Ct. 645, 651-52, 58 L.Ed.2d 552 (1979). Cf. Shaid v. Consolidated Edison Co., 95 A.D.2d 610, 615-16, 467 N.Y.S.2d 843, 847 (2d Dep't 1983). Moreover, the defenses of absolute or qualified immunity, or lack of personal involvement, were not available to appellees. Thus, even assuming that the order in the Article 78 proceeding reflects a decision on Gutierrez' constitutional claim, appellant is not entitled to use that state court judgment for purposes of collateral estoppel in this federal action.
 
 
 4
 Judge Curtin did not err in granting appellees' motion for summary judgment on the ground that Gutierrez could not demonstrate a deprivation of his constitutional due process rights. See Hewitt v. Helms, 459 U.S. 460, 472, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983). The regulations in effect in 1982 requiring the superintendent's hearing to be commenced within seven days did not give rise to a protected liberty interest in having the hearing completed within seven days. In addition, it is clear that appellees' defense of good faith immunity would preclude any finding of liability on their part. See Anderson v. Creighton, --- U.S. ----, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).
 
 
 5
 The judgment of the district court is accordingly affirmed.
 
 
 
 *
 Hon. Louis L. Stanton, United States District Judge for the Southern District of New York, sitting by designation