893 F.2d 475
 Ronald FOX, Plaintiff-Appellant,
v.
T.A. COUGHLIN, III, Commissioner of D.O.C.S., S. Dalsheim,
Superintendent, Downstate Correctional Facility, Capt.
Wilhelm, All From Downstate C.F. and G. DiLoreto, Counselor,
Downstate C.F., Defendants-Appellees.
 No. 415, Docket 89-2260.
 United States Court of Appeals,
Second Circuit.
 Argued Nov. 22, 1989.
Decided Jan. 4, 1990.
 
 Christopher Lometti, New York City (Richard L. Spinogatti, Augustine Kelly, Shea & Gould, New York City, of counsel), for plaintiff-appellant.
 Susan L. Watson, Asst. Atty. Gen., New York State Dept. of Law, New York City (Robert Abrams, Atty. Gen. of the State of N.Y., Jeffrey I. Slonim and Grace A. Brannigan, Asst. Attys. Gen., New York City, of counsel), for defendants-appellees.
 Before OAKES, Chief Judge, TIMBERS and CARDAMONE, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal considers the Due Process Clause as it relates to one aspect of a prison disciplinary hearing. The district court held that a prison official's failure to assist an inmate in preparing a defense to disciplinary charges and a prison hearing officer's failure to grant an inmate's request to produce two correctional officers at the disciplinary hearing did not violate 42 U.S.C. Sec. 1983 (1982). The district court stated that Fox had no clearly established right to assistance in preparing his defense or to the interview of two additional witnesses. Hence, it concluded that his claim was barred by the doctrine of qualified immunity. Fox v. Coughlin, No. 84 Civ. 7450 (S.D.N.Y. May 30, 1989). We affirm.
 
 FACTS
 
 2
 Ronald Fox, an inmate at Downstate Correctional Facility (Downstate), was involved on November 9, 1983 in an alleged incident that resulted in a written "Inmate Misbehavior Report" (Report) and charges that he violated several prison rules. According to the Report, Fox was asked to assume the position for a frisk search and responded by pushing an attending officer, Sergeant Suter, in the chest. Appellant maintained that he had been attacked by the guards from behind after he turned and faced the wall. At the conclusion of the altercation Fox was subdued by officers Spreer, Lawlor and McCaffrey, and placed in the Special Housing Unit (SHU). The Report was signed by Sergeant Suter and endorsed by the other three officers present. Appellee Guerino DiLoreto was assigned as counsel to assist Fox in preparing for a Tier III Disciplinary Hearing. Fox requested that seven witnesses be interviewed--three inmates and the four correctional officers who were present. DiLoreto failed to interview any of them.
 
 
 3
 On November 14 and 17, 1983 appellee Capt. Wayne J. Wilhelm conducted the disciplinary hearing. Fox appeared, offered his explanation of the incident and requested that Wilhelm interview the above seven witnesses. Wilhelm interviewed the first five, but refused to interview the remaining two officers, McCaffrey and Spreer, because he believed their testimony would be "redundant." He also indicated that officer McCaffrey was away from Downstate that day. Wilhelm found Fox guilty of the charges and imposed a penalty of 180 days confinement to SHU (credited with time served), 180 days loss of packages and commissary privileges, and 12 months loss of good time. The disciplinary proceeding was reviewed and affirmed by Downstate's Deputy Superintendent for Security and the Department of Correctional Services Central Office.
 
 
 4
 Fox commenced an Article 78 proceeding in New York State Supreme Court to review the Superintendent's decision. Special Term found that Wilhelm's failure to call the additional two officers was an abuse of discretion, and ordered the hearing annulled, the charges dismissed, and all references to the incident expunged from Fox's record. Special Term's holding was affirmed on appeal. Fox v. Dalsheim, 112 A.D.2d 368, 491 N.Y.S.2d 820 (2d Dep't 1985).
 
 
 5
 Appellant then commenced this Sec. 1983 action pro se in the United States District Court for the Southern District of New York (Knapp, J.), against appellees, the Commissioner of the Department of Correctional Services, the Superintendent of Downstate, Wilhelm and DiLoreto. The four correctional officers present at the incident were also named as defendants. Summary judgment was granted dismissing the complaint as to the officers, but denied as to the present appellees on the basis that there was a genuine issue as to whether Fox's due process rights were violated and whether the defense of qualified immunity applied. Fox v. Coughlin, No. 84 Civ. 7450 (S.D.N.Y. Oct. 31, 1986). After this ruling, Fox acquired a pro bono attorney who conducted further discovery and moved for summary judgment. The district court denied Fox's motion and granted the appellees' cross motion for summary judgment on the grounds that they were protected by qualified immunity because Fox did not have a "clearly established" right to assistance from DiLoreto in preparing his defense or in having the two additional officers interviewed by Wilhelm. Fox v. Coughlin, No. 84 Civ. 7450 (S.D.N.Y. May 30, 1989). This appeal follows that judgment.
 
 DISCUSSION
 
 6
 Prison officials may be protected from personal liability under Sec. 1983 when their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). That defense may be overcome only where a plaintiff establishes that the "contours" of the right have been reasonably cemented. See Anderson v. Creighton, 483 U.S. 635, 639, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987); Eng v. Coughlin, 858 F.2d 889, 895 (2d Cir.1988) ("the boundaries of the supposed 'right' must be sufficiently definite so that the official understood that his actions violated it or ... the unlawfulness of his actions was evident.").
 
 
 7
 Here we are asked whether it was clear at the time of the November 1983 disciplinary hearing that the plaintiff had a due process right to assistance in preparing his defense or to have the hearing officer interview the two additional officers. Turning the constitutional clock back, we see that an inmate did not have a "clearly established" right to assistance in preparing for a disciplinary hearing. Eng, 858 F.2d at 897.
 
 
 8
 With respect to the right to call additional witnesses, a reasonable prison official would not have had forewarning that refusing to interview all of the witnesses requested by the inmate would tread upon plaintiff's constitutional rights. It was well established at the time of the hearing that an inmate at a disciplinary hearing should be permitted to call witnesses and present documentary evidence in his defense when it would not be unduly hazardous to "institutional safety or correctional goals." See Wolff v. McDonnell, 418 U.S. 539, 566, 94 S.Ct. 2963, 2979, 41 L.Ed.2d 935 (1974). Wolff established a flexible standard that balanced the prisoner's interest in adequate due process against the institutional needs of the prison. We applied this standard several months prior to the instant hearing in McCann v. Coughlin, 698 F.2d 112, 120-25 (2d Cir.1983), and there held that prison officials were liable under Sec. 1983 for failing to allow an inmate to call any witnesses at a disciplinary hearing.
 
 
 9
 Based upon Wolff and McCann--the two most relevant decisions at the time of the hearing--Wilhelm did not violate a "clearly established" right by failing to interview the two additional witnesses. He interviewed three inmates and two of the officers Fox requested. This hearing stands in stark contrast to the hearing in McCann where none of the witnesses requested by the inmate were interviewed. Wilhelm stated that he refused to interview McCaffrey and Spreer because McCaffrey was unavailable and their testimony would be redundant and would "jeopardize institutional efficiency." These reasons satisfy the flexible standard set forth in Wolff, and bars Fox's Sec. 1983 claim against DiLoreto under qualified immunity.
 
 
 10
 Nonetheless, we write to emphasize that a failure to provide an inmate assistance in preparing a defense or interview an inmate's requested witnesses without assigning a valid reason may in the future provide a sufficient basis for a viable Sec. 1983 action. Prison authorities are now under a constitutional obligation to provide assistance to an inmate preparing for a disciplinary hearing. See Eng, 858 F.2d at 897-98. In addition, an inmate's due process rights are violated when a prison hearing officer refuses to interview witnesses without assigning a reason "logically related to preventing undue hazards to 'institutional safety or correctional goals.' " Ponte v. Real, 471 U.S. 491, 497, 105 S.Ct. 2192, 2196, 85 L.Ed.2d 553 (1985). The burden is not upon the inmate to prove the official's conduct was arbitrary and capricious, but upon the official to prove the rationality of his position. Id. at 499, 105 S.Ct. at 2197. Here, the hearing officer had no reason to believe that the testimony of the two officers would be redundant. Neither DiLoreto nor any other prison official interviewed them to establish what their testimony would be. The only basis for the hearing officer's decision was that Spreer and McCaffrey endorsed the Report, which alone is insufficient to conclude that their testimony would be cumulative.
 
 
 11
 The other proffered reason--the unavailability of McCaffrey during the two days of the hearing--is equally irrelevant. There was no time constraint upon the hearing's completion; a disciplinary hearing need only be held within 14 days after the filing of the report, and six days remained after the conclusion of the present hearing before the end of the statutory period. 7 N.Y.C.R.R. Sec. 251-5.1; cf. Graham v. Baughman, 772 F.2d 441, 445-46 (8th Cir.1985) (finding the proffered reason for failing to call eyewitnesses--that the hearing took place in the aftermath of a riot--invalid when offered a significant time after the emergency passed). Nor did Fox pose any threat to institutional safety. Cf. Freeman v. Rideout, 808 F.2d 949, 953-55 (2d Cir.1986), cert. denied, 485 U.S. 982, 108 S.Ct. 1273, 99 L.Ed.2d 484 (1988) (finding no violation of Sec. 1983 where hearing officer refused to interview inmate victim at disciplinary hearing of his attacker based upon officer's concern of potential retaliation against witness).
 
 
 12
 As a final matter, we note that the New York state courts' holding that Wilhelm's decision refusing to hear the testimony of Spreer and McCaffrey was an abuse of his discretion does not collaterally estop our consideration of whether the proffered reason for omitting their testimony was logically related to a correctional goal as required by the Due Process Clause. See Gutierrez v. Coughlin, 841 F.2d 484 (2d Cir.1988) (per curiam).
 
 
 13
 The order of the district court that granted summary judgment dismissing appellant's Sec. 1983 action is affirmed.