■ In the Matter of RICKY BUTLER, Petitioner, v FRANK E. IRVIN, as Superintendent of Wende Correctional Facility, et al., Respondents. [661 NYS2d 138] —Determination unanimously annulled on the law without costs and petition granted in accordance with the following Memorandum: Although this proceeding should not have been transferred to this Court pursuant to CPLR 7804 (g) inasmuch as it does not raise a substantial evidence question, we nonetheless consider the merits in the interest of judicial economy (*see, Matter of Moulden v Coughlin,* 210 AD2d 997).

Petitioner was charged with forgery, lying and impersonation as the result of a claim form he submitted seeking reimbursement for three articles of personal clothing allegedly lost by the prison laundry. The claim form bore the signature of a correction officer, who stated in a misbehavior report that he did not sign the form. At the hearing, petitioner stated that, when he handed in the claim form, it did not bear that correction officer's signature and he did not know how the signature had gotten on the claim form. Petitioner asked the Hearing Officer to call as a witness an inmate who had looked over the claim form immediately before petitioner handed it in. Petitioner stated that the inmate would testify that the signature of the correction officer was not on the form when he saw it. The Hearing Officer denied petitioner's request on the ground that the inmate did not have firsthand knowledge of the incident and could not testify that petitioner did not forge the correction officer's signature on the form. Although the Hearing Officer possesses discretion to exclude testimony that is redundant or immaterial, the Hearing Officer does not possess "the unlimited right to exclude testimony relevant to an inmate's defense" (*Matter of Fox v Dalsheim,* 112 AD2d 368, 369; *see also, Matter of Crippen v Coughlin,* 109 AD2d 951, 953). Thus, we annul the determination and direct that all references pertaining thereto be expunged from petitioner's record (*see, Matter of Adams v Coughlin,* 202 AD2d 1055). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Erie County, Rath, Jr., J.) Present—Pine, J. P., Lawton, Doerr, Balio and Boehm, JJ.