**Rogers HICKS, Plaintiff–Appellant,**

---

Carl Holmes & Jeffrey M. Jayson, Esq., Plaintiffs,

v.

RICHARD LOW, Area Supervisor, NYS Division of Parole, Paul C. Moritz, Supervisor, NYS Division of Parole, Lucille Roth, Parole Officer, Brion D. Travis, NYS Parole Division and Raul Russi, Defendants–Appellees.

Nos. 03–7617–cv (L), 03–9250–cv (CON).

United States Court of Appeals, Second Circuit.

Feb. 13, 2009.

Eric P. Doherty, Esq., Lake View, NY, for Appellant.

Frank K. Walsh, Assistant Solicitor General (Andrea Oser, Deputy Solicitor General & Barbara D. Underwood, Solicitor General, on the brief) for Andrew M. Cuomo, Attorney General of the State of New York, New York, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. B.D. PARKER, Circuit Judges, Hon. JOHN G. KOELTL,*

* The Honorable John G. Koeltl, United States   District Judge for the Southern District of

474

District Judge.

## SUMMARY ORDER

In this consolidated action, Plaintiff–Appellant Rogers Hicks appeals from judgments of the United States District Court for the Western District of New York (Skretny, *J.* ) in two different actions Hicks brought against the Defendants–Appellees. Regarding his first action (*Hicks I* ), which ultimately went to the jury, Hicks argues, *inter alia,* that a previous state court action precluded the defense in this case; that the district court erred in making key evidentiary rulings regarding the defendants' testimony; and that the district court erred in dismissing his tortious interference with a contract claim. In appealing his second action (*Hicks II* ), Hicks argues that the district court erred in dismissing it as duplicative of *Hicks I.* We assume the parties' familiarity with the underlying facts, procedural history, and scope of issues on appeal.

■ First, Hicks argues that the New York state court Article 78 proceeding collaterally estops the Defendants–Appellees from relitigating the issue of whether a due process violation occurred. We disagree. Unlike the Article 78 proceeding, which could only be brought against the agency and the officers in their official capacities, in this case the defendants are being sued as individuals. Further, the defenses of qualified immunity and lack of personal involvement were not available to the defendants in the Article 78 proceeding, nor were money damages at stake. *See Gutierrez v. Coughlin,* 841 F.2d 484, 486 (2d Cir.1988). Finally, the New York state court did not reach the due process issue, which is central to Hicks's claims in *Hicks I.* For all these reasons, the prior proceeding can have no preclusive effect upon the Defendants–Appellants.

Second, in *Hicks I,* Hicks argues that the district court should have precluded the defendants from presenting evidence at trial that he "kited" [1] mail, arguing that its prejudicial effect outweighed its probative value. The district court denied this motion, concluding that the jury could consider whether the defendants suspected Hicks of kiting as a factor in determining whether the defendants acted for legitimate reasons. At trial, the district judge allowed the defendants to testify that they suspected the defendant of kiting based on information they received from officials working within a correctional facility. Hicks again objected to this evidence as hearsay under Fed.R.Evid. 801(c). The district court allowed the testimony, reasoning that because the defendants were only offering the evidence to show their state of mind, not to show the truth of the underlying matters, the testimony was not hearsay and was therefore admissible.

■ After close consideration of Hicks's arguments and examination of the trial records, we conclude that the district court did not abuse its discretion in allowing the testimony and denying Hicks's rebuttal of that testimony. First, we do not agree that the district judge erred in ruling that the kiting evidence was more probative than prejudicial, given the centrality of the evidence to the defendants' qualified immunity defense and the limiting instructions the judge gave to the jury. Similarly, we find no abuse of discretion in the district court's decision to admit the evidence as non-hearsay. Under Fed.R.Evid. 801(c), "[w]here ... the statement is offered as circumstantial evidence of [a defendant's] state of mind, it does not fall within the definition [of hearsay] ... because it was not offered to prove the truth of the matter asserted." *United States v.*

New York, sitting by designation.

1. "Kiting" is the wrongful forwarding of mail for inmates confined in a corrections facility.

Salameh, 152 F.3d 88, 112 (2d Cir.1998). The testimony regarding the kiting allegations was admitted to show that the defendants had a reasonable belief that Hicks was engaged in wrongful activity, not to prove that Hicks had actually committed that activity. Because the truth of the matter was not at issue in the trial, the district court did not abuse its discretion in not allowing rebuttal testimony regarding this issue.

Third, Hicks argues that the district court wrongfully construed his tortious interference with a contract claim as premised on state law, rather than federal law. We agree with Hicks that the district court erred in construing his claim as a state law claim that cannot be raised in federal court by New York statute, but we conclude that remand on this claim would be futile. The issues of due process inherent in a constitutional claim were determined by the jury in his first suit, and necessarily resolve this claim.

As for *Hicks II*, Hicks argues that the district court erred in dismissing his second action as duplicative of his first action. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank,* 226 F.3d 133, 138 (2d Cir.2000). We review the dismissal of suits as duplicative for abuse of discretion. *Id.* We conclude that the district court did not abuse its discretion here. The issue Hicks's second suit raises—that the defendants violated his due process rights—is the same as one of the issues in his previous case and hinged on facts decided by the jury in *Hicks I.*

We have reviewed Plaintiff–Appellant's remaining contentions and we find them to be without merit. Accordingly, the judgments of the district court are AFFIRMED.